# IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN RE: SHAWE & ELTING LLC

§
§
§

PHILIP R. SHAWE, derivatively on behalf of
TRANSPERFECT GLOBAL, INC., and in
his individual capacity,

§ No. 646, 2015
§
§
§

    Plaintiff Below-
    Appellant,

§
§
§ Court Below—Court of Chancery
§ of the State of Delaware
§ C.A. Nos. 9661, 9686, 9700
§ and 10449

    v.

ELIZABETH ELTING,

    Defendant Below-
    Appellee,

§
§
§

and

TRANSPERFECT GLOBAL, INC.,

§
§
§

    Nominal Party.

§
§

IN RE: TRANSPERFECT GLOBAL, INC.

§
§
§

PHILIP R. SHAWE,

§
§
§

    Respondent Below-
    Appellant,

§
§
§

and

TRANSPERFECT GLOBAL, INC.,
    Nominal Party,

§
§
§
§

    v.

§
§

ELIZABETH ELTING,

§
§
§

    Petitioner Below-
    Appellee.

§
§
§

Submitted: December 10, 2015
Decided: January 22, 2016

Before **HOLLAND, VALIHURA** and **VAUGHN**, Justices.

## O R D E R

This 22nd day of January 2016, it appears to the Court that:

(1)    The appellant, Philip Shawe, petitioned this Court under Supreme Court Rule 42 to accept an interlocutory appeal from a post-trial order of the Court of Chancery dated November 13, 2015, which addressed certain matters related to a scheduled hearing on a motion for sanctions filed by the appellee, Elizabeth Elting, against Shawe ("the Order Governing Sanctions Hearing"). Among other things, the Order Governing Sanctions Hearing granted Elting's motion to compel the return and preservation of certain of Elting's emails, which the Court of Chancery already had determined in February 2015 were privileged and were obtained improperly by Shawe.

(2)    Shawe filed his application for certification to take an interlocutory appeal in the Superior Court on November 17, 2015. Elting filed her response on November 30, 2015.

(3)    On December 7, 2015, the Court of Chancery denied the certification application. After applying the standards for certification set forth in Rule 42, the trial court concluded that interlocutory review would not serve considerations of

justice because, despite the novelty of the First Amendment issue raised by Shawe, there was no particular urgency to litigating the issue before a final judgment was entered in the case, as reflected by Shawe's failure to raise his First Amendment claim for more than six months after the Court of Chancery initially ordered him to return Elting's emails. The Court of Chancery concluded that the likely benefits of interlocutory review simply did not outweigh the probable costs.[1]

(4) Applications for interlocutory review are addressed to the sound discretion of this Court. In the exercise of its discretion, the Court has concluded that the application for interlocutory review should be refused. We agree with the Court of Chancery that the likely benefits of interlocutory review do not outweigh the probable costs, such that interlocutory review is in the interests of justice.

(5) Moreover, to the extent Shawe's notice of interlocutory appeal "suggests"[2] that the Order Governing Sanctions Hearing is immediately appealable as a collateral order, we reject that suggestion. If Shawe believed the order was final and appealable, the appropriate course of action was to file a notice of appeal instead of, or as an alternative to, a notice of interlocutory appeal.[3]

---

[1] Del. Supr. Ct. R. 42(b) (2015).

[2] *See* Notice of Interlocutory Appeal at ¶ 2.

[3] *See, e.g., Al Jazeera America, LLC v. AT&T Servs., Inc.*, 2013 WL 5962998 (Del. Nov. 5, 2013) (accepting interlocutory appeal and dismissing alternative notice of appeal filed under the collateral order doctrine).

-3-

Notwithstanding the procedural defect created by Shawe's failure to file a timely notice of appeal, we find no merit to his suggestion that the Order Governing Sanctions Hearing is appealable as a final, collateral order.[4]

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED. Shawe's motion for a stay of the Order Governing Sanctions Hearing pending this appeal is MOOT.

BY THE COURT:

_____
Justice

---

[4] *See Beebe Medical Center, Inc. v. Villare, M.D.*, 2008 WL 2137860 (Del. May 20, 2008) (a collateral order is one that: (i) determines a matter independent of issues involved in the proceeding itself; (ii) binds persons who are non-parties in the underlying proceedings; and (iii) has a substantial, continuing effect on important rights).

-4-